Parker C. J.,
in giving the opinion of the Court, after remarking that the general principle contended for by the plaintiff’s counsel was very clear, said that in many cases it might be difficult for a consignor to trace his property in the hands of a factor or his assignees, and it might then be necessary to resort to a court of chancery for that purpose ; but that here the parties themselves had distinguished the plaintiff’s property in the notes, and he had a remedy at law.[1]

Defendants defaulted.

 Thompson v. Perkins, 3 Mason, 234; Chesterfield Man. Co. v. Dehon, 5 Pick. 7 Yates v. Curtis, 5 Mason, 80. It can make no legal difference *94 whether the factor or auctioneer in such case has or has not guaranteed the payment of the money. Thompson v. Perkins, 3 Mason, 241. Although, it seems, that where the factor acts under a del credere commission, his assignees would be entitled to the benefit of his lien on the money for commissions and charges. See Thompson v. Perkins, ubi supra; Drinkwater v. Goodwin, Cowp. 251; 3 Bos. & Pul. 489: Hudson v. Granger, 5 Barn. & Ald. 27; Bond v. Stewart, 3 Munroe, 73.